IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


KEMNI K. POINDEXTER,
      Petitioner,

vs.                                        Case No.:  3:05cv78/RV/EMT

JAMES V. CROSBY, JR.,
      Respondent.
_____/

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1).  Respondent filed a motion to dismiss the petition as untimely (Doc. 9).  Petitioner filed a reply (Doc. 14).  This matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(b).  After careful consideration, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter.  It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be dismissed as untimely.

I.      BACKGROUND AND PROCEDURAL HISTORY

On January 25, 2000, following a jury trial, Petitioner was convicted in the Circuit Court in and for Escambia County, Florida, of manslaughter with a firearm (Doc. 9, Ex. A).  He was sentenced to 262.5 months of incarceration with credit for 129 days of jail time (*id*.).  Petitioner appealed his conviction and sentence to the Florida First District Court of Appeals ("First DCA").  On December 13, 2001, the First DCA affirmed the convictions per curiam without opinion, with the mandate issuing December 31, 2001 (Doc. 1 at 2; Doc. 9, Ex. B).  Poindexter v. State, 801 So.2d 928 (Fla. 1st DCA 2001) (Table).  Petitioner did not seek certiorari review by the Florida Supreme Court or the United States Supreme Court (Doc. 1 at 2).

In March 2000, while Petitioner's direct appeal was pending, he filed two motions to correct illegal sentence pursuant to Rule 3.800 of the Florida Rules of Criminal Procedure (Doc. 9, Ex. C at 1-6). The trial court dismissed the motions for lack of jurisdiction on May 16, 2000 (*id*. at 19-20). Petitioner appealed the dismissal to the First DCA (*id*. at 23). The appellate court affirmed the decision per curiam without opinion on January 22, 2001, with the mandate issuing February 20, 2001 (Doc. 9, Ex. D). <u>Poindexter v. State</u>, 778 So.2d 286 (Fla. 1st DCA 2001) (Table) (docket entry for 02/20/2001 in First DCA Case No. 1D00-2239).

On July 18, 2003, Petitioner filed a motion for postconviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Doc. 9, Ex. E). The trial court denied the motion on November 20, 2003 (*id*., Ex. F). Petitioner appealed the denial to the Florida First DCA, and the appellate court affirmed per curiam without opinion on December 27, 2004, with the mandate issuing January 24, 2005 (*id*., Ex. G). <u>Poindexter v. State</u>, 892 So.2d 480 (Fla. 1st DCA 2004) (Table).

Petitioner filed the instant habeas action on March 2, 2005 (Doc. 1 at 6).

II.    TIMELINESS

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, a one year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment. The limitation period runs from the latest of:

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1).

In the instant case, Petitioner does not assert that a government-created impediment to his filing existed, that he bases any of his claims on a right newly recognized by the Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence before the filing of this petition.  Thus, the statute of limitations must be measured from the remaining statutory trigger, which is the date on which his conviction became final.  *See* 28 U.S.C. § 2244(d)(1).

It is now well established that when a Florida defendant directly appeals his conviction but does not seek certiorari review of the decision affirming the conviction, the one-year limitations period for filing a federal habeas petition begins to run ninety (90) days after issuance of the appellate court's decision.[1]  Nix v. Secretary for the Dep't of Corrections, 393 F.3d 1235, 1236-37 (11th Cir. 2004) (citing Bond v. Moore, 309 F.3d 770 (11th Cir. 2002)); Jackson v. Secretary for the Dep't of Corrections, 292 F.3d 1347, 1349 (11th Cir. 2002); *accord* Clay v. United States, 537 U.S. 522, 525, 123 S.Ct. 1072, 1075, 155 L.Ed.2d 88 (2003); Close v. United States, 336 F.3d 1283, 1284-85 (11th Cir. 2003).  In the instant case, the First DCA issued its decision affirming Petitioner's conviction on December 13, 2001.  Petitioner did not seek review of his conviction in the Florida Supreme Court or in the United States Supreme Court.  Thus, Petitioner's one-year limitations period began to run on March 13, 2002, upon expiration of the 90-day period for seeking certiorari review.

This court must next address whether the limitations period was tolled pursuant to statutory or equitable tolling principles.

    A.    Statutory Tolling

Section 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

---

[1] The 90-day period for filing in the United States Supreme Court a petition for writ of certiorari seeking review of a decision of a state appellate court runs from the date of the state court's opinion.  *See* SUP. CT. R. 13.3.

In the instant case, the record shows that Petitioner filed a state post-conviction motion in March 2000, and the mandate of the First DCA affirmance of the lower court's denial of the motion issued February 20, 2001.  However, this post-conviction proceeding concluded <u>prior</u> to the date Petitioner's conviction became final.  Therefore, it did not extend the filing deadline for Petitioner's federal petition.  Additionally, the record shows that Petitioner filed a state post-conviction motion on July 18, 2003.  However, this postconviction motion did not toll the filing period because the filing period had already expired on March 13, 2003, one year after his conviction became final. *See* <u>Webster v. Moore</u>, 199 F.3d 1256, 1259 (11th Cir.), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000) ("Under 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period.  A state-court petition like Webster's that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

      B.    <u>Equitable Tolling</u>

In his reply to Respondent's motion to dismiss, Petitioner asserts he is entitled to equitable tolling on the ground that his appellate counsel misled him as to the deadline for seeking post-conviction relief (Doc. 14 at 1).  Petitioner attached to his reply a letter to him from Nancy L. Showalter, Assistant Public Defender, in which Ms. Showalter advises Petitioner that the mandate in his direct appeal issued on December 31, 2001, and that he had two years from that date to file a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Doc. 14, attachment).

"Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition."  <u>Helton v. Sec'y for Dep't of Corr.</u>, 259 F.3d 1310, 1312 (11th Cir.2001).  However, equitable tolling is an extraordinary remedy that is applied sparingly; indeed, it is appropriate only "when a movant untimely files because of extraordinary circumstances that are both beyond his control *and* unavoidable even with diligence."  <u>Sandvik v. United States</u>, 177 F.3d 1269, 1271 (11th Cir.1999)), *cert. denied*, 537 U.S. 1237, 123 S.Ct. 1364 (2003); *see also* <u>Wade v. Battle</u>, 379 F.3d 1254, 1264-65 (11th Cir. 2004) (quoting <u>Drew v. Dep't of Corr.</u>, 297 F.3d 1278, 1286 (11th Cir. 2002) and <u>Sandvik</u>, 177 F.3d 1271).   The burden of establishing entitlement to this

extraordinary remedy rests with Petitioner. *See* Wade, 379 F.3d at 1265; Drew, 297 F.3d 1286.

The reasons proffered by Petitioner for his delay in filing the instant petition do not constitute "extraordinary circumstances." While Petitioner contends his late filing was due to his lack of understanding of federal habeas law, it is well settled that ignorance of the law does not excuse an untimely habeas filing. *See* Jones v. United States, 304 F.3d 1035, 1044 (11th Cir. 2002) ("Equitable tolling does not apply 'to what is at best a garden variety claim of excusable neglect.'") (quoting Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 458, 112 L.Ed.2d 435 (1990). Additionally, the fact that Petitioner's appellate counsel failed to inform him of his right to file a federal habeas petition does not constitute an extraordinary circumstance. *See* Helton v. Secretary for Dept. of Corrections, 259 F.3d 1310, 1313 (11th Cir. 2001) ("An attorney's miscalculation of the limitations period or mistake is not a basis for equitable tolling. . . . Any miscalculation or misinterpretation by Steed's attorney in interpreting the plain language of the statute does not constitute an extraordinary circumstance sufficient to warrant equitable tolling.") (citing Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000)); Cordle v. Guarino, 428 F.3d 46, 48-49 (1st Cir. 2005) (counsel's failure to file federal habeas petition, in absence of petitioner's request to do so, and failure to advise petitioner of filing deadlines for habeas petition did not constitute extraordinary circumstance warranting equitable tolling of limitations period); Baker v. Norris, 321 F.3d 769, 772 (8th Cir. 2003) (petitioner's claim that counsel told her, after state supreme court affirmed her conviction, that no other court would hear her case was not "extraordinary circumstance" warranting equitable tolling); Brown v. Shannon, 322 F.3d 768, 774 (3d Cir. 2003) (counsel's negligence in advising petitioner to pursue federal habeas relief instead of state court remedy was insufficient basis for equitable tolling); United States v. Riggs, 314 F.3d 796, 799-800 (5th Cir. 2002) (ineffective assistance of counsel is irrelevant to the tolling decision, and petitioner did not allege counsel intentionally deceived him); Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000) (counsel's confusion about AEDPA's statute of limitations does not justify equitable tolling); Harris v. Hutchinson, 209 F.3d 325, 330-31 (4th Cir. 2000) (same). Furthermore, Petitioner does not allege he made any effort to ascertain the availability of federal habeas relief and the deadlines associated with seeking such relief, or that he ever attempted to file his federal habeas corpus petition within the limitations period, much less that he diligently pursued relief. *See* Coleman v.

Johnson, 184 F.3d 398, 401 (5th Cir. 1999) (explaining that for equitable tolling to apply, the petitioner must diligently pursue relief). Moreover, in the absence of evidence that Petitioner made diligent efforts to pursue federal habeas relief, he cannot show he was prevented by the state, specifically, his court-appointed appellate counsel, from doing so. Therefore, equitable tolling is not warranted in this case.

For the aforementioned reasons, this Court concludes that the instant petition should be dismissed as untimely pursuant to 28 U.S.C. § 2244(d).

Accordingly, it is respectfully **RECOMMENDED**:

1.      That Respondent's Motion to Dismiss (Doc. 9) be **GRANTED**.

2.      That the petition for writ of habeas corpus (Doc. 1) be **DISMISSED** with prejudice as untimely.

At Pensacola this 19th day of December 2005.


/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**